MITRA SHAHRI, OSB#021100
mitra@unlawfultermination.com
DANIEL K. LE ROUX, OSB#085510
dan@unlawfultermination.com
ANDREW FREEMAN, OSB#153364
andrew@unlawfultermination.com
1500 SW First Ave., Ste. 800
Portland, OR 97201
Tel (503) 243-4545
Fax (503) 243-4546
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAJEAN HUMPHRIES, <br><br> Plaintiff, <br><br> v. <br><br> SCHWABE WILLIAMSON & WYATT, P.C.; DENIS GASKIN; and KATJE CHILLER, <br><br> Defendants. | Case No. 3:17-cv-00833-JE <br><br> **PLAINTIFF'S MOTION TO REMAND; AND MEMORANDUM IN SUPPORT THEREOF** <br><br> **[28 USC §1447(c)]** <br><br> *Oral Argument Requested* |

## LR 7.1 CERTIFICATION

Plaintiff's counsel conferred in good faith with Defendants' counsel in an effort to resolve the issues disputed herein but, despite this good faith conferral, the parties were unable to reach a resolution and Defendants oppose this motion. [Declaration of Daniel K. Le Roux ("Le Roux Decl."), ¶¶ 2-6, Exs. 1-4]

Page 1 -   PLAINTIFF'S MOTION TO REMAND; AND MEMORANDUM IN SUPPORT THEREOF

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE CROWN PLAZA
1500 SW FIRST AVE., STE. 800
PORTLAND, OREGON 97201

## MOTION

Pursuant to 28 U.S.C. §1447(c), Plaintiff respectfully moves this Court for an Order remanding this case to Multnomah County Circuit Court because removal was improper under 28 U.S.C. §1446(b)(3) and no other basis for removal exists. Plaintiff also seeks an award of just costs and attorneys' fees incurred as a result of the removal pursuant to 28 U.S.C. §1447(c) because Defendants lacked an objectively reasonable basis for removal.

In support of this motion Plaintiff relies on *Plaintiff's Memorandum in Support of Motion to Remand*, the *Declaration of Daniel K. Le Roux in Support of Plaintiff's Motion to Remand*, and the Exhibits attached thereto.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 2 -   PLAINTIFF'S MOTION TO REMAND; AND MEMORANDUM IN SUPPORT THEREOF

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE CROWN PLAZA
1500 SW FIRST AVE., STE. 800
PORTLAND, OREGON 97201

## **MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

Plaintiff LaJean Humphries respectfully submits the following memorandum in support of her Motion to Remand.

### I.      **INTRODUCTION**

Plaintiff requests that the Court grant her motion to remand because Defendants have improperly removed this action based on federal question jurisdiction purportedly triggered by Plaintiff's filing of an amended notice of claim (captioned "First Amended Complaint") in an ongoing arbitration proceeding before the Judicial Arbitration and Mediation Service ("JAMS") between the parties.[1] As explained in greater detail below, the amended notice of claim Defendants point to as the basis for federal question jurisdiction was not filed in the state court proceeding, and therefore cannot be considered "an amended pleading, motion, order or other paper" that would make this matter removable pursuant to 28 U.S.C. § 1446(b)(3). Because Defendants cannot meet their burden to show that this Court has jurisdiction over this matter, Plaintiff's motion should be granted and this matter should be remanded to state court.

/ / /

/ / /

/ / /

---

[1] Although the amended notice of claim is captioned "First Amended Complaint" for consistency purposes since the initial Complaint filed in state court was used as the initial notice of claim to commence arbitration, it is more properly characterized as an amended notice of claim pursuant to JAMS Rule 10 ("After the filing of a claim and before the Arbitrator is appointed, any Party may make a new or different claim against a Party or any third Party that is subject to Arbitration in the proceeding. Such claim shall be made in writing, filed with JAMS and served on the other Parties. Any response to the new claim shall be made within fourteen (14) calendar days after service of such claim. After the Arbitrator is appointed, no new or different claim may be submitted, except with the Arbitrator's approval.") Plaintiff requests judicial notice pursuant to FRE 201 of the JAMS Employment Arbitration Rules & Procedures that govern the Arbitration proceedings available at www.jamsadr.com/files/Uploads/Documents/JAMS-Rules/JAMS_employment_arbitration_rules-2014.pdf. Excerpts of the applicable JAMS Rules cited herein are also attached to the Le Roux Decl. as Ex. 5.

Page 3 -     PLAINTIFF'S MOTION TO REMAND; AND MEMORANDUM IN SUPPORT THEREOF

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE CROWN PLAZA
1500 SW FIRST AVE., STE. 800
PORTLAND, OREGON 97201

## II.     PROCEDURAL BACKGROUND

Plaintiff LaJean Humphries was employed by Defendant Schwabe Williamson & Wyatt, P.C. ("Schwabe") for over twenty-four years as a librarian for the firm, and has alleged she was constructively discharged as a result of Schwabe's pattern and practice of discriminating against older employees. [Complaint at ¶¶ 5–7, 9, 53, Ex. C to Defs.' Notice of Removal]. Plaintiff initially filed her Complaint in the Circuit Court of the State of Oregon, County of Multnomah, Case No. 16CV27893, on August 26, 2016. [Complaint, Ex. C to Defs.' Notice of Removal]. Plaintiff's Complaint contained ten claims for relief, including statutory age, disability, and medical leave discrimination claims, all based on state law. [*Id.*] Defendants filed a motion to compel arbitration which was heard on December 1, 2016. [Defs.' Mot. to Compel Arbitration, Ex. G to Defs.' Notice of Removal].

The state court granted Defendants' motion to compel arbitration and ordered the state court proceeding stayed pending a decision in arbitration, but agreed to consider Plaintiff's request for a permanent injunction[2] in the state court proceeding following arbitration, if necessary. [Order Re: Defs.' Mot. to Compel Arbitration, Ex. Q to Def. Notice of Removal].

Plaintiff commenced arbitration of her claims as ordered on December 21, 2016 by filing the state court Complaint as the notice of claim with JAMS pursuant to JAMS Rule 9(b).[3] [Le Roux Decl. ¶ 7, Ex. 5]. On May 9, 2017, shortly after Plaintiff received new documents during

---

[2] Plaintiff argued that the arbitration agreement exempted requests for injunctive relief from arbitration. Plaintiff's First Claim for relief in the state court proceeding exclusively requested injunctive relief to eliminate Defendants' alleged pattern and practice of discriminating against employees on the basis of age. [Complaint at ¶¶ 60–63, Ex. C to Defs.' Notice of Removal].

[3] JAMS Rule 9(b) provides "Claimant's notice of claims is the Demand for Arbitration referenced in Rule 5. It shall include a statement of the remedies sought. The Demand for Arbitration may attach and incorporate a copy of a Complaint previously filed with a court. In the latter case, Claimant may accompany the Complaint with a copy of any Answer to that Complaint filed by any Respondent." [Le Roux Decl. ¶ 7, Ex. 5]

Page 4 -    PLAINTIFF'S MOTION TO REMAND; AND MEMORANDUM IN SUPPORT THEREOF

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE CROWN PLAZA
1500 SW FIRST AVE., STE. 800
PORTLAND, OREGON 97201

initial disclosures in the Arbitration that further supported her state law medical leave inference claim, Plaintiff moved to file an amended notice of claim in the arbitration proceeding to add a claim for Family and Medical Leave Act (FMLA) interference pursuant to 29 U.S.C. § 2615(1)(a). [*See*, Claimant's Motion for Leave to File First Amended Complaint, *Id.* at ¶ 8, Ex. 6]. Defendants opposed the amendment and argued Plaintiff should not be permitted to add a FMLA interference claim because Defendants would have chosen to forgo arbitration and to instead proceed in federal court if Plaintiff's initial Complaint filed in state court had provided a basis for removal. [*See*, Respondents' Opposition to Claimant's Motion for Leave to File First Amended Complaint, *Id.* at ¶ 9, Ex. 7]. Defendants even argued that Plaintiff had "game[d] the system by deliberately withholding the federal claim and then asserting it only after the possibility of removal to federal court has passed." [*Id.*, Ex. 7, pg. 1]. In essence, Defendants requested the Arbitrator deny Plaintiff's motion to amend, in part, because Defendants would be prejudiced by the inability to remove the matter to federal court. [*Id.*, Ex. 7, pg. 2-3].

The Arbitrator granted Plaintiff's motion to amend, and Plaintiff filed her amended notice of claim (captioned "First Amended Complaint) in the arbitration proceeding only—Plaintiff did not take any action to amend her state court pleading.[4] [Le Roux Decl., ¶ 10]. Then, despite having argued to the Arbitrator that Plaintiff's motion to amend should be denied because Defendants had been deprived of the opportunity to remove the matter while it had been pending in state court, Defendants filed the instant notice of removal anyway arguing that the state court action became removable by virtue of the amended notice of claim (captioned "First Amended Complaint") Plaintiff filed in the arbitration proceeding. [Defs.' Notice of Removal, ¶ 3]. In

---

[4] Nor could she, because the state court proceeding had been stayed. [See, Order, Ex. Q to Defs.' Notice of Removal]

Page 5 -    PLAINTIFF'S MOTION TO REMAND; AND MEMORANDUM IN SUPPORT THEREOF

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE CROWN PLAZA
1500 SW FIRST AVE., STE. 800
PORTLAND, OREGON 97201

essence, Defendants proceeded to remove the matter after representing to the Arbitrator that they had been prejudiced by the inability to do just that.

### III.  LEGAL ARGUMENT

#### A.  Legal Standard for Removal

The party who removes an action has the burden of establishing that federal subject matter jurisdiction exists. *Harris v. Provident Life & Acc. Ins. Co.*, 26 F.3d 930, 932 (9th Cir 1994).  Removal pursuant to 28 U.S.C. §1441 is only proper where the federal court would have had subject matter jurisdiction over the case if the plaintiff had originally filed it in federal court. *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 830 (1989). An action that is not removable based on the initial pleading may become removable if a defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).  Courts are obligated to strictly construe the removal statutes against removal, and to resolve all doubts against removal.  *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).  "[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir 2009) (citing *Gaus*, 980 F.2d at 566).

#### B.  No Basis Exists to Remove this Matter from State Court Because Nothing was Filed in the State Court Action that Would Trigger Removal Under 28 U.S.C. 1446(b)(3); Therefore, Remand is Proper.

Defendants cannot meet their burden of establishing that federal subject matter jurisdiction exists because there is nothing in the state court proceeding or docket that provides a basis for federal question jurisdiction over this action.  Defendants' sole basis for removal is the amended notice of claim containing a FMLA claim that Plaintiff filed in the parties' ongoing

Page 6 -    PLAINTIFF'S MOTION TO REMAND; AND MEMORANDUM IN SUPPORT THEREOF

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE CROWN PLAZA
1500 SW FIRST AVE., STE. 800
PORTLAND, OREGON  97201

arbitration proceeding. [Def. Notice of Removal at ¶ 3]. Courts have repeatedly recognized that the "amended pleading, motion, order or other paper" must be a part of the state court record in order to provide a valid basis for removal under 28 U.S.C. § 1446(b)(3). *See Peabody v. Schroll Tr.*, 892 F.2d 772, 775 (9th Cir. 1989) ("The record of the state court is considered the sole source from which to ascertain whether a case originally not removable has since become removable.") (citation omitted); *Karlbom v. EDS*, No. 13cv2996-WQH-DHB, 2014 U.S. Dist. LEXIS 54423 at *8 (S.D. Cal. Apr. 17, 2014) (recognizing that "other paper" must be generated within the specific state proceeding which was removed in order to provide grounds for removal under § 1446(b)(3)); *Hawaii v. Abbott Labs., Inc.*, 469 F. Supp. 2d 842, 849 (D. Haw. 2006) (holding that separate but related *Qui Tam* action did not constitute an "order or other paper" that would permit removal under § § 1446(b)).

Here, there is no dispute that Plaintiff's Complaint filed in the state court proceeding asserted only state law claims and was not removable when originally filed. [Def. Notice of Removal at ¶ 2]. Plaintiff's amended notice of claim filed in her related arbitration proceeding cannot be a basis for removal because the amended notice of claim was never filed in the state court proceeding nor is it a part of the state court record.[5] [Le Roux Decl., ¶ 11, Ex. 8]. Defendants cannot meet their burden of establishing that removal was proper because there is nothing in the state court record establishing subject matter jurisdiction over this action, therefore Plaintiff's motion to remand should be granted.

/ / /

/ / /

---

[5] Plaintiff requests judicial notice pursuant to FRE 201 of the state court docket retrieved from the Oregon E-Court Case Information database attached to the Le Roux Decl. as Ex. 8.

Page 7 -   PLAINTIFF'S MOTION TO REMAND; AND MEMORANDUM IN SUPPORT THEREOF

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE CROWN PLAZA
1500 SW FIRST AVE., STE. 800
PORTLAND, OREGON 97201

**C.     At Best, Defendants' Removal was Premature Because the Parties will not know whether Federal Subject Matter Jurisdiction Exists in this Action until after the Arbitration Proceeding has Concluded.**

The Court should be especially inclined to resolve any doubts about removal in Plaintiff's favor because the completion of the arbitration proceeding between the parties will dictate whether any further court action is required with respect to Plaintiff's FMLA claim. As stated above, the state court judge stayed the entire state court action after granting Defendants' motion to compel arbitration. Other than entering judgment for the party that prevails at arbitration, the only remaining issue after arbitration will be Plaintiff's request for a permanent injunction.

Plaintiff's primary injunctive relief claim relates to her allegations regarding Defendant Schwabe's alleged pattern and practice of age discrimination in violation of state law. [Complaint at ¶¶ 60–63, Ex. C to Defs.' Notice of Removal]. The state court has previously ruled that it would not consider Plaintiff's request for a permanent injunction until *after* arbitration is completed. [Order Re: Defs.' Mot. to Compel Arbitration, Ex. Q to Def. Notice of Removal]. In the event Plaintiff chooses not to seek injunctive relief in court on her FMLA claim or simply does not prevail at arbitration on that claim, there would be no federal question in this proceeding and thus no basis for subject matter jurisdiction. Likewise, if Plaintiff were to prevail and then seek injunctive relief in court on her FMLA claim, she would need to amend her state court pleading to conform to her allegations and evidence presented at arbitration. Simply put, Plaintiff would have to plead a FMLA claim in her state court proceeding for a state court judge to have a basis for granting injunctive relief on that claim. The state court action would become properly removable by Defendants within 30 days of such an amendment in the state court action, because it is only at that time a claim providing a basis for subject matter

Page 8 -     PLAINTIFF'S MOTION TO REMAND; AND MEMORANDUM IN SUPPORT THEREOF

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE CROWN PLAZA
1500 SW FIRST AVE., STE. 800
PORTLAND, OREGON 97201

jurisdiction would exist <u>in the state court record</u>.  *See* 28 U.S.C. § 1446(b)(3).  Accordingly, the Court should grant Plaintiff's motion to remand because no basis for federal subject matter jurisdiction exists at this time.

## IV.  **REQUEST FOR JUST COSTS AND ATTORENYS' FEES**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. §1447(c).  The decision to grant the award of costs and fees is a discretionary one, requiring the court to balance the need to deter improper removal while affording defendants the right to remove under proper circumstances.  *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 139 (2005).  "The standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Id.* at 141.

Here, Defendants lacked an objectively reasonable basis for seeking removal.  It is settled law in the Ninth Circuit that the sole basis for removal of an action not initially removable is the record of the state court proceeding.  *Peabody v. Schroll Tr.*, 892 F.2d 772, 775 (9th Cir. 1989).  The undersigned directed Defendants' counsel to *Peabody* and asked Defendants to provide the undersigned with authority to support their position that this action was properly removed.  [Le Roux Decl., ¶ 2, Ex. 1].  Defendants never provided Plaintiff's counsel with any legal authority to support their position. [*Id.* at ¶¶ 2-6, Exs. 2-4].

"[T]he Ninth Circuit does not require a finding of bad faith and awards attorneys fees even where a defendant's removal was 'fairly supportable' but wrong as a matter of law." *Bonilla v. Starwood Hotels & Resorts Worldwide, Inc.*, 407 F. Supp. 2d 1107, 1114 (C.D. Cal. 2005)

Page 9 -    PLAINTIFF'S MOTION TO REMAND; AND MEMORANDUM IN SUPPORT THEREOF

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE CROWN PLAZA
1500 SW FIRST AVE., STE. 800
PORTLAND, OREGON  97201

(citing *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 n.6 (9th Cir. 2000)). Other courts within the Ninth Circuit have recognized that removal based on a document not part of the state court proceeding is not objectively reasonable in light of *Peabody*. *See, e.g.*, *Rossetto v. Oaktree Capital Mgmt., LLC*, 664 F. Supp. 2d 1122, 1130–31 (D. Haw. 2009). Defendants had no objectively reasonable basis for arguing that this action became removable as a result of an amended notice of claim filed by Plaintiff in the parties' arbitration proceeding because that pleading was never part of the state court record.

Indeed, Defendants argued to the Arbitrator that they had been deprived of the opportunity to remove this matter and even asserted that the "possibility of removal to federal court has passed" when opposing Plaintiff's motion to amend in the Arbitration. [Le Roux Decl., ¶ 9, Ex. 7, pg. 1]. After Plaintiff's motion was granted by the Arbitrator, Defendants suddenly shifted their position and filed the instant notice of removal which directly contradicts the position they had taken in the Arbitration.[6] Defendants' removal was improper and they did not have an objectively reasonable basis for doing so.

Because Defendants' removal of this action was improper and Defendants' lacked an objectively reasonable basis under existing case law in the Ninth Circuit for believing this action was removable, Plaintiff is entitled to recover her just costs and attorney fees for her motion to remand. As such, Plaintiff requests the court allow Plaintiff to file a petition for just costs and attorneys' fees to recover Plaintiff's expenses in seeking remand.

/ / /

---

[6] The law regarding removal has not changed since Defendants argued that the time for removal had passed in the Arbitration and now appear to argue that the amended notice of claim ("First Amended Complaint") filed in the Arbitration affords them with a proper basis for removal despite their prior contradictory representation to the Arbitrator. Logically, both positions cannot be correct. In other words, Defendants could not have an objectively reasonable basis for asserting both positions.

Page 10 -   PLAINTIFF'S MOTION TO REMAND; AND MEMORANDUM IN SUPPORT THEREOF

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE CROWN PLAZA
1500 SW FIRST AVE., STE. 800
PORTLAND, OREGON  97201

## V. CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff's Motion to Remand and award Plaintiff just costs and attorneys' fees incurred as a result of Defendants improper removal of this case by allowing Plaintiff to file a petition seeking such relief.

Date: June 26, 2017.                          **MITRA LAW GROUP**

*s/Daniel K. Le Roux*
Mitra Shahri, OSB No. 021100
mitra@unlawfultermination.com
Daniel K. Le Roux, OSB No. 085510
dan@unlawfultermination.com
Andrew Freeman, OSB No. 153364
andrew@unlawfultermination.com
Tel: (503) 243-4545
*Attorneys for Plaintiff*

Page 11 -   PLAINTIFF'S MOTION TO REMAND; AND MEMORANDUM IN SUPPORT THEREOF

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE CROWN PLAZA
1500 SW FIRST AVE., STE. 800
PORTLAND, OREGON  97201

## DECLARATION OF SERVICE
(*Humphries v. Schwabe, Williamson, & Wyatt, et al.*)
(US District Court Case No. 3:17-cv-00833-JE)

I hereby certify that I served PLAINTIFF'S MOTION TO REMAND; AND MEMORANDUM IN SUPPORT THEREOF, to the following attorney(s), party or parties:

Paula Barran
Barran Liebman LLP
601 SW 2nd Ave., Ste. 2300
Portland, OR 97204
pbarran@barran.com

by causing a full, true, and correct copy thereof, addressed to the last-known address of the attorney, party or parties, (except when served by facsimile), sent by the following indicated method on the date set forth below:

☐   By **mailing** in a sealed, first-class postage envelope and deposited with the United States Postal Service at Portland, Oregon.

☐   By **hand delivery**

☐   By **facsimile** to the attorney at the fax number herein, which is the last-known facsimile number for the attorney's office.

☑   By **ECF/NEF**

DATED this 26TH day of June 2017.

> *s/Daniel K. Le Roux*
> Daniel K. Le Roux, OSB No. 085510

Page 1 – DECLARATION OF SERVICE