MITRA SHAHRI, OSB#021100
mitra@unlawfultermination.com
DANIEL K. LE ROUX, OSB#085510
dan@unlawfultermination.com
ANDREW FREEMAN, OSB#153364
andrew@unlawfultermination.com
1500 SW First Ave., Ste. 800
Portland, OR 97201
Tel (503) 243-4545
Fax (503) 243-4546
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAJEAN HUMPHRIES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCHWABE WILLIAMSON & WYATT, P.C.; DENIS GASKIN; and KATJE CHILLER,<br><br>　　　　　Defendants. | Case No. 3:17-cv-00833-JE<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**<br><br>**[28 USC §1447(c)]**<br><br>*Oral Argument Requested* |

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND

Plaintiff LaJean Humphries respectfully submits the following reply in support of her Motion to Remand.

/ / /

/ / /

Page 1 -　PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE CROWN PLAZA
1500 SW FIRST AVE., STE. 800
PORTLAND, OREGON 97201

I.  **INTRODUCTION**

Plaintiff's motion to remand should be granted because the amended notice of claim (entitled "First Amended Complaint") she filed in the parties' related arbitration proceeding did not provide Defendants with a basis to remove this action. The Ninth Circuit noted in *Peabody v. Schroll Trust* that the record of the state court action is considered the "sole source" from which to determine whether an action has become removable. 892 F.2d 772, 775 (9th Cir. 1989). District courts within the Ninth Circuit have repeatedly adhered to this principle when deciding whether an action was improperly removed. Defendants have not explained why this Court should depart from this legal standard—they have simply tried to avoid the issue by attempting to distinguish *Peabody* and other legal authority cited by Plaintiff on purely factual grounds. Plaintiff agrees that the procedural history of this case is rather unique, but that does not relieve Defendants of their burden to show that this Court has federal question jurisdiction over a state court action that does not include a single claim under federal law.

For the reasons explained more fully below, Plaintiff's motion should be granted because her filing of an amended notice of claim in arbitration cannot be a basis for removal since it was not part of the state court record.

II. **REPLY ARGUMENT**

A.  **The state court record is the sole source from which to determine whether this matter became removable.**

Defendants cannot remove Plaintiff's state court lawsuit based on the amended notice of claim she filed in her arbitration proceeding because that document was never filed in her state court action. Defendants concede that they had no basis to remove Plaintiff's state court action when it was originally filed. [Defs.' Resp. in Opp'n to Pl.'s Mot. to Remand at 3, 5]. The Ninth

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE CROWN PLAZA
1500 SW FIRST AVE., STE. 800
PORTLAND, OREGON 97201

Circuit in *Peabody*, albeit under unique circumstances explained in greater detail below, observed that "[t]he record of the state court is considered the *sole source* from which to ascertain whether a case originally not removable has since become removable." *Peabody*, 892 F.2d at 775 (emphasis added). Courts have subsequently relied on *Peabody* in holding that filings by a plaintiff in a separate forum—federal court—cannot be the basis for removal to federal court. *See, e.g.*, *Salmonson v. Euromarket Designs, Inc.*, No. CV 11-5179 PSG (PLAx), 2011 U.S. Dist. LEXIS 111959 at *6–7 (C.D. Cal. Sep. 28, 2011); *Rossetto v. Oaktree Capital Mgmt., LLC*, 664 F. Supp. 2d 1122, 1129–30 (D. Haw. 2009). The Court should apply this same reasoning and grant Plaintiff's motion to remand because the amended notice of claim she filed in arbitration is not part of the state court record which is the "sole source" from which to ascertain whether this matter became removable. *Peabody*, 892 F.2d at 775.

The issue in *Peabody* was whether the attorney who had twice unsuccessfully attempted to remove a state court case to federal court was subject to sanctions for his conduct. *Id.* at 774. Peabody attempted to argue that sanctions should be awarded because removal was untimely since the attorney had failed to remove the case within thirty days after Peabody filed his motion for summary judgment in federal court. *Id.* at 775. The Ninth Circuit rejected that argument because the "federal summary judgment papers never became part of the state court record" and explained that the state court record was the "sole source" from which to determine whether the case had become removable. *Id.*

**B.** ***Peabody*** **is controlling authority in this Circuit and has been followed by other district courts.**

District courts have repeatedly cited the above standard from *Peabody* in holding that a filing in a case after the case was removed to federal court cannot thereby make the case

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE CROWN PLAZA
1500 SW FIRST AVE., STE. 800
PORTLAND, OREGON 97201

removable.  *See, e.g.*, *Salmonson v. Euromarket Designs, Inc.*, No. CV 11-5179 PSG (PLAx), 2011 U.S. Dist. LEXIS 111959 at *6–8 (C.D. Cal. Sep. 28, 2011) (finding that a motion to remand filed in federal court could not trigger removal because it was not filed in state court); *Rossetto v. Oaktree Capital Mgmt., LLC*, 664 F. Supp. 2d 1122, 1129–30 (D. Haw. 2009) ("In the Ninth Circuit, the document providing grounds for removal must be one filed in state court.") (citing *Peabody v. Schroll Tr.*, 892 F.2d 772, 775 (9th Cir. 1989)).  A federal court proceeding following removal is obviously very closely related to the state court action that was removed. *See Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 796 (9th Cir. 1996) ("When a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court") (quoting *Savell v. Southern Ry. Co.*, 93 F.2d 377, 379 (5th Cir. 1937)).

However, the courts in *Salmonson* and *Rossetto* both rejected the argument that a filing in a federal court proceeding court provide a basis for removal because, as the Ninth Circuit recognized in *Peabody*, the state court record provides the sole basis for determining removal. *Salmonson v. Euromarket Designs, Inc.*, No. CV 11-5179 PSG (PLAx), 2011 U.S. Dist. LEXIS 111959 at *6–8 (C.D. Cal. Sep. 28, 2011); *Rossetto v. Oaktree Capital Mgmt., LLC*, 664 F. Supp. 2d 1122, 1129–30 (D. Haw. 2009).  Both courts reached that outcome despite the fact that a matter removed to federal court is essentially a continuation of the prior state court proceeding. *See Jenkins*, 95 F.3d at 796.

This rationale is highly pertinent to the Court's analysis of the conduct Defendants argue made this matter removable—Plaintiff's filing of an amended notice of claim in a related arbitration proceeding.  Plaintiff's arbitration proceeding is obviously related to her original state

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE CROWN PLAZA
1500 SW FIRST AVE., STE. 800
PORTLAND, OREGON 97201

court action, but as the courts in *Salmonson* and *Rossetto* recognized, a close relationship between proceedings does not change the fact that the sole basis for determining whether an action has become removable is the state court record. *Salmonson*, 2011 U.S. Dist. LEXIS 111959 at *6–8; *Rossetto*, 664 F. Supp. 2d at 1129–30. Plaintiff's amended notice of claim from her arbitration proceeding is not part of the state court record because it was never filed in state court. Indeed, Plaintiff could not have even attempted to file her amended notice of claim in state court without first obtaining leave from the court, something she could not have even attempted to do because the court stayed all proceedings in state court when it compelled arbitration. *See* ORCP 23A (requiring leave to amend from the court or written consent of the adverse party to file an amended complaint after a responsive pleading has been served); [Order Re: Defs.' Mot. to Compel Arbitration, Ex. Q to Def. Notice of Removal].

**C.      Defendants have not cited any controlling legal authority to contradict *Peabody***

The only legal authority Defendants cite to support their position that the state court record is not the sole source to determine removability is readily distinguishable. Unlike *Peabody*, *Connecticut v. McGraw-Hill Cos.* is not controlling authority, nor does it support Defendants' position that Plaintiff's filing in the parties' arbitration proceeding made her state court action removable. The court in *McGraw-Hill Cos.* concluded that "other paper" under 28 U.S.C. § 1446(b) was limited to "internal events specific to the action itself, not external occurrences such as the filing of a separate case in a separate court." *Connecticut v. McGraw-Hill Cos.*, No. 3:13-cv-311 (SRU), 2013 U.S. Dist. LEXIS 58528, at *18–19 (D. Conn. Apr. 24, 2013).

/ / /

Page 5 -     PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE CROWN PLAZA
1500 SW FIRST AVE., STE. 800
PORTLAND, OREGON 97201

Likewise, Defendants' repeated references to the "artful pleading" doctrine are not only misplaced, but irrelevant to whether Defendants have met their burden of establishing that Plaintiff's filing in her arbitration proceeding made this matter removable. The "artful pleading" doctrine generally applies to situations where a plaintiff's only claim is a federal one. It is inapplicable where a plaintiff has a viable state law claim, as well as a federal claim, and simply chooses to sue on that state claim. See, *Redwood Theatres, Inc. v. Festival Enterprises, Inc.*, 908 F2d 477, 479 (9th Cir. 1980). Further, Federal courts rarely invoke the "artful pleading" doctrine because it "raises difficult issues of state and federal relationships and often yields unsatisfactory results." *Sullivan v. First Affiliated Sec., Inc.*, 813 F2d 1368, 1372 (9th Cir. 1987). No "artful pleading" occurred in this case and the doctrine is inapplicable.

This Court must resolve all doubts against removal. *See Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). Plaintiff has cited Ninth Circuit precedent recognizing a clear rule of law—the state court record is the sole basis for determining whether an action is removable. Defendants do not even attempt to analyze and apply that rule to this case. Rather, Defendants baldly state that Plaintiff's amended notice of claim "unquestionably emanates from the state court action." [Defs.' Resp. in Opp'n to Pl.'s Mot. to Remand at 7]. Their only legal authority to support this abstract "emanating" standard is not from the Ninth Circuit and does not even cite *Peabody*. *See Connecticut v. McGraw-Hill Cos.*, No. 3:13-cv-311 (SRU), 2013 U.S. Dist. LEXIS 58528, at *18–19 (D. Conn. Apr. 24, 2013). Further, even if the "emanating" standard was the law in the Ninth Circuit, Defendants argument would still fail because Plaintiff's amended notice of claim in the arbitration no more "emanates" from the state court proceeding than the documents filed in federal court in the *Peabody, Salmonson* and *Rossetto* cases

Page 6 -    PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE CROWN PLAZA
1500 SW FIRST AVE., STE. 800
PORTLAND, OREGON 97201

"emanated" from their related state court proceedings—Filing a document in a related proceeding, such as the federal court as in *Peabody, Salmonson* and *Rossetto* or an arbitration as in this case, is simply not enough to provide a basis for removal sufficient to support jurisdiction in this Court. Because Defendants have not met their burden of establishing that federal subject matter jurisdiction exists, Plaintiff's motion to remand should be granted. *See Harris v. Provident Life & Acc. Ins. Co.*, 26 F.3d 930, 932 (9th Cir 1994).

## III. CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff's Motion to Remand and award Plaintiff just costs and attorneys' fees incurred as a result of Defendants improper removal of this case by allowing Plaintiff to file a petition seeking such relief.

Date: July 21, 2017.                    **MITRA LAW GROUP**

                                        *s/Daniel K. Le Roux*
                                        Mitra Shahri, OSB No. 021100
                                        mitra@unlawfultermination.com
                                        Daniel K. Le Roux, OSB No. 085510
                                        dan@unlawfultermination.com
                                        Andrew Freeman, OSB No. 153364
                                        andrew@unlawfultermination.com
                                        Tel: (503) 243-4545
                                        *Attorneys for Plaintiff*

Page 7 -    PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

MITRA LAW GROUP
TELEPHONE: (503) 243-4545
FACSIMILE: (503) 243-4546
THE CROWN PLAZA
1500 SW FIRST AVE., STE. 800
PORTLAND, OREGON 97201

# DECLARATION OF SERVICE
(*Humphries v. Schwabe, Williamson, & Wyatt, et al.*)
(US District Court Case No. 3:17-cv-00833-JE)

   I hereby certify that I served PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND, to the following attorney(s), party or parties:

Paula Barran
Barran Liebman LLP
601 SW 2nd Ave., Ste. 2300
Portland, OR 97204
pbarran@barran.com

   by causing a full, true, and correct copy thereof, addressed to the last-known address of the attorney, party or parties, (except when served by facsimile), sent by the following indicated method on the date set forth below:

☐ By **mailing** in a sealed, first-class postage envelope and deposited with the United States Postal Service at Portland, Oregon.

☐ By **hand delivery**

☐ By **facsimile** to the attorney at the fax number herein, which is the last-known facsimile number for the attorney's office.

☑ By **ECF/NEF**

   DATED this 21st day of July 2017.

              *s/Daniel K. Le Roux*
              Daniel K. Le Roux, OSB No. 085510

MITRA LAW GROUP
1500 SW 1st Ave., Ste. 800
Portland, Oregon 97201
Telephone: (503) 243-4545
WWW.UNLAWFULTERMINATION.COM