IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| LAJEAN HUMPHRIES, | ) | Civil No.: 3:17-cv-00833-JE |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| v. | ) | |
| | ) | |
| SCHWABE WILLIAMSON & WYATT, P.C.; | ) | |
| DENISE GASKIN; and KATJE CHILLER, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    Daniel K. LeRoux
    Mitra T. Shahri
    Mitra Law Group
    1500 SW 1st Avenue, Suite 800
    Portland, OR 97201

        Attorneys for Plaintiff

    Paula A. Barran
    Barran Liebman LLP
    601 SW Second Avenue, Suite 2300
    Portland, OR 97204

        Attorney for Defendants

JELDERKS, Magistrate Judge:

Plaintiff LaJean Humphries brings this action against Defendants Schwabe Williamson and Wyatt, P.C.; Denise Gaskin; and Katie Chiller. Plaintiff originally filed her Complaint in Multnomah County Circuit Court for the State of Oregon. Defendant then removed the case to this court based on federal question jurisdiction. Currently pending before this Court is Plaintiff's motion for remand and request for costs and fees.

For the reasons discussed below, Plaintiff's motions for remand and for costs and fees should be denied.

## **Background**

Plaintiff was employed as a librarian by Defendant Schwabe Williamson and Wyatt, P.C. ("Schwabe") for over twenty-four years. According to Plaintiff's Complaint, Schwabe is a domestic professional corporation registered to do business in the State of Oregon; Defendant Gaskin was, at all material times, the Chief Operating Officer at Schwabe; and Defendant Chiller was, at all material times, the Human Resources Director at Schwabe.

On August 26, 2016, Plaintiff commenced an action in Oregon state court against Defendants asserting ten state law claims for relief including statutory age, disability and medical leave discrimination; harassment; retaliation; wrongful discharge; breach of contract and defamation. The parties agree that the Complaint filed in state court contained only state law claims and that diversity was not present.

On December 1, 2016, Defendants filed a motion to compel arbitration based on a Dispute Resolution Agreement Plaintiff had signed during the course of her employment with Schwabe. Plaintiff opposed the motion, arguing, among other things, that the Dispute Resolution Agreement did not require arbitration of claims for injunctive relief, which she was requesting.

In the event the state court did compel arbitration and declined to hear her injunctive relief claims first, Plaintiff requested that the court stay the matter during the arbitration proceedings and allow Plaintiff to proceed with her requests for injunctive relief in the state court upon completion of the arbitration. Ex. K to Notice of Removal

On December 13, 2016, the state court granted Defendants' motion to compel arbitration; stayed the state court proceeding pending a decision in arbitration and ordered that "Plaintiff's request for a permanent injunction shall be considered by the court following arbitration, if necessary." Ex. A to Notice of Removal.

Plaintiff commenced arbitration of her claims by filing her state court Complaint with the Judicial Arbitration and Mediation Service ("JAMS") as allowed by JAMS Employment Arbitration Rules & Procedures Rule 9(b).[1] On May 9, 2017, pursuant to JAMS Rule 10,[2] Plaintiff filed a motion with JAMS to amend her claims in the arbitration proceeding to add a claim for Family and Medical Leave Act (FMLA) interference pursuant to 29 U.S.C. §2615(a). Defendants opposed the motion. The Arbitrator granted the motion and Plaintiff submitted an amended notice of claim (captioned "First Amended Complaint") in the arbitration proceeding. The First Amended Complaint contains a claim under FMLA and retains Plaintiff's claims for injunctive relief. Ex. B to Notice of Removal. Plaintiff asserts that this filing with the

---

[1] **JAMS Rule 9(b). Notice of Claims:** "(b) Claimant's notice of claims is the Demand for Arbitration referenced in Rule 5. It shall include a statement of the remedies sought. The Demand for Arbitration may attach and incorporate a copy of a Complaint previously filed with a court. In the latter case, Claimant may accompany the Complaint with a copy of any Answer to that Complaint filed by any Respondent." *available at* https://www.jamsadr.com/rules-comprehensive-arbitration/#Rule%2010.

[2] **JAMS Rule 10. Changes of Claims:** "After the filing of a claim and before the Arbitrator is appointed, any Party may make a new or different claim against a Party or any third party that is subject to Arbitration in the proceeding. Such claim shall be made in writing, filed with JAMS and served on the other Parties. Any response to the new claim shall be made within fourteen (14) calendar days after service of such claim. After the Arbitrator is appointed, no new or different claim may be submitted, except with the Arbitrator's approval. A Party may request a hearing on this issue. Each Party has the right to respond to any new or amended claim in accordance with Rule 9(c) or (d)." *available at* https://www.jamsadr.com/rules-comprehensive-arbitration/#Rule%2010.

FINDINGS AND RECOMMENDATION – 3

arbitrator did not constitute an amendment of her state court Complaint. She further points out that there is no entry in the state court docket reflecting an amended pleading. On May 26, 2017, Defendants filed a notice of removal on the basis of federal question jurisdiction, contending that the case became removable when Plaintiff filed a "First Amended Complaint" in the arbitration proceeding that for the first time asserted a claim under federal law. Plaintiff then filed a motion for remand. At oral argument, the parties were in agreement that, regardless of whether the case remained in federal court or was remanded, the arbitration proceedings that have already commenced would go forward.

## Discussion

### I. Motion to Remand

Generally, a defendant may remove a case to federal court if the federal court would have subject matter jurisdiction over one or more of the plaintiff's claims, pursuant to 28 U.S.C. § 1331 (federal question) or § 1332 (diversity of citizenship). See 28 U.S.C. § 1441(a), (b). The relevant provisions of the statute governing removal procedures provide as follows:

> **(b) Requirements; generally.—(1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....
>
> * * *
>
> **(3)** ... if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other

paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.A. § 1446 (2012). Thus, a case which is not removable on its face when filed may become removable under 28 U.S.C. §1446(b)(3).

The removal statute is strictly construed and "any doubt about the right of removal requires resolution in favor of remand." *Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). This presumption against removal "means that 'the defendant always has the burden of establishing that removal is proper.' " *Id*. (quoting *Gaus*, 980 F.2d at 566).

There appears no dispute that Plaintiff's Complaint commencing the state court action did not meet the jurisdictional requirements for removal under 28 U.S.C. §1446(b)(1). Instead, Defendants assert that Plaintiff's filing of an amended notice of claim with JAMS constituted "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" under 28 U.S.C. §1446(b)(3) and thus triggered a second thirty-day window within which they could remove the case to federal court. Plaintiff argues that, because the amended notice of claim was filed as part of the arbitration proceeding and not with the state court, it cannot provide a valid basis for removal under 28 U.S.C. §1446(b)(3).

The Ninth Circuit has not clearly defined the term "other paper" within the meaning of Section 1446(b)(3) but has interpreted it broadly to include reply briefs, plaintiff's deposition testimony or responses to interrogatories, and settlement letters. *See, e.g. Eyak Native Village v. Exxon Corp.,* 25 F.3d 773, 778-79 (9th Cir.1994); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 887 (9th Cir. 2010); *Durham v. Lockheed Martin Corp.,* 445 F.3d 1247, 1251 (9th Cir.

2006); *Babasa v. Lenscrafters, Inc.,* 498 F.3d 972, 974-75 (9th Cir. 2007) (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). The "other paper" must result from a voluntary act of the plaintiff which gives a defendant notice of the changed circumstances which support federal jurisdiction. *Self v. Gen. Motors Corp.*, 588 F.2d 655, 658 (9th Cir. 1978).

Plaintiff relies on the Ninth Circuit's opinion in *Peabody v. Maud Van Cortland Hill Schroll Trust,* 892 F.2d 772 (9th Cir.1989) to support her argument that the amended notice of claim cannot provide grounds for removal because it was not filed in the state court. The *Peabody* court, in the context of considering whether an attorney who had twice unsuccessfully attempted to remove a state court case to federal court was subject to sanctions, held that a motion filed in federal court, rather than in the state court action, cannot trigger a right to remove to federal court. *Id.* The court explained that "the record of the state court is considered the sole source from which to ascertain whether a case originally not removable has since become removable." *Id.* at 775 (internal quotations omitted).

Defendants distinguish *Peabody* and other cases cited by Plaintiff, asserting that these cases addressed instances where the courts declined to allow intervening case law, a motion filed in federal court, or a separate but related federal *Qui Tam* action to serve as a basis for removal. *See Peabody,* 892 F.2d 772; *see also, Rossetto v. Oaktree Capital Mgmt., LLC*, 664 F. Supp. 2d 1122, 1129 (D. Haw. 2009); *Karlbom v. EDS*, 2014 WL 1600490 (S.D. Cal. Apr. 17, 2014); *Hawaii v. Abbott Labs., Inc.,* 469 F. Supp. 2d 842 (D. Haw. 2006). Defendants argue that, here, the added federal claim is part of the same case that resides in the state court.

The parties have not cited and this court has not found any case law, controlling or otherwise, which directly addresses the question of whether an amended notice of claim filed in a state court-ordered arbitration proceeding constitutes an "other paper" for purposes of removal

under 28 U.S.C. §1446(b)(3). I agree with Defendants that *Peabody* should not be read as narrowly as Plaintiff urges. I construe the court's decision, in referencing the record of the state court as the sole source from which to ascertan removablility, as merely acknowledging that it would be nonsensical for post-removal filings in federal court to trigger a right to remove to federal court because of the well-established principle that grounds for removal must exist at the time of removal. This interpretation is supported by later Ninth Circuit decisions. *See, e.g., Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976–77 (9th Cir.2006) ("[T]he idea of filing a notice of removal in a case that is already pending in federal court, having been properly removed, is nonsensical."); *Perez v. Alta-Dena Certified Dairy, LLC*, 647 F. App'x 682, 684 (9th Cir. 2016)(finding post-removal amendments to pleadings cannot affect whether case is removable).

      I am also persuaded by the numerous decisions in the Ninth Circuit that have determined that documents ranging from reply briefs to settlement offers and responses to interrogatories are included in the category of "other paper." Many of these types of documents are, of course, never actually filed with the state court but flow from the process of resolving a dispute that resides in state court. The amended notice of claim that Plaintiff filed in the arbitration proceeding as a First Amended Complaint, flows from the state court proceedings because Plaintiff chose to bring her claims to the state court for resolution and persuaded the state court to retain jurisdiction over the matter. Under the unusual circumstances of this particular case, I conclude that the First Amended Complaint filed in the arbitration proceeding constitutes an "other paper" under the statute.

      It is difficult for me to understand why both parties would not want the arbitrator to resolve all pending issues, as would be consistent with my reading of the Dispute Resolution

Agreement. Nonetheless, the state court's order retaining jurisdiction to determine some of Plaintiff's claims after arbitration concludes will likely draw the federal claim back to state court in one respect or another. The state court would, at the least, have the authority to enforce a possible arbitrator's award on the federal claim as it is not logical to think that the Plaintiff could make a federal claim in arbitration that would not be enforced by the court that compelled the arbitration. Thus, if Plaintiff prevails on any of her claims, the action, with the added FMLA claim, will necessarily return to state court for consideration of the claims and remedies that Plaintiff persuaded the state court to adjudicate. Even if Plaintiff later abandons or does not prevail on her FMLA claim, removal jurisdiction based on a federal question is determined at the time of removal regardless of later amendments or the merit of the claim. *Spencer v. United States District Court,* 393 F.3d 867, 871 (9th Cir. 2004); *Barraclough v. ADP Automotive Claims Services,* 818 F. Supp. 1310, 1311-1312 (N.D. Cal. 1993). Thus, although this court might disagree with the state court's decision regarding the arbitrability of the claims for injunctive relief, in considering whether the case should be removed, the state court's determination weighs heavily in favor of removal.

Faced with this peculiar procedural posture, where a state court defendant has received a paper filed in a state court-ordered arbitration proceeding from which it may be ascertained that Plaintiff is, for the first time, asserting a federal claim and where the state court may ultimately be presented with that claim, I conclude that Defendants have the right to invoke federal jurisdiction and that the 30- day deadline for removal under 28 U.S.C. § 1446(3) began once such notice was received. *Durham,* 445 F.3d at 1253 ("When the defendant receives enough facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock starts ticking."). Accordingly, I recommend that Plaintiff's motion to remand be

FINDINGS AND RECOMMENDATION – 8

denied. In addition, I recommend that the case be stayed until the conclusion of arbitration proceedings, at which time the federal court can determine whether there is still a potential federal claim and, if there is none, can consider whether to exercise its discretion to remand the case to state court. *See* 28 U.S.C. §1367(c); *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 351, 108 S.Ct. 614 (1988) (with the elimination of all federal claims, the district court has discretion to retain, dismiss, or remand the remaining supplemental claims).

## II. Costs and Fees

Pursuant to 28 U.S.C. § 1447(c), Plaintiff requests that the Court award reasonable attorney fees and costs incurred as a result of the removal. "[T]he standard for awarding fees [upon the granting of a motion to remand] should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In light of my recommendation that Plaintiff's motion for remand be denied, I also recommend that Plaintiff's request for costs and fees be denied.

## **Conclusion**

For the reasons set forth above, Plaintiff's motion to remand (#3) should be DENIED and her motion for attorneys' fees and costs (#3-2) should be DENIED. In addition, the case should be stayed until the conclusion of arbitration proceedings, at which time the federal court can determine whether there is still a potential federal claim and, if there is none, can consider whether to exercise its discretion to transfer the case back to state court.

## **Scheduling Order**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due August 31, 2017. If no objections are filed, then the Findings and

FINDINGS AND RECOMMENDATION – 9

Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 17th day of August, 2017.

        /s/ John Jelderks
John Jelderks
U.S. Magistrate Judge